UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| KIAUNDRAY ROGERS, | |
|---|---|
| Petitioner, | |
| v. | CAUSE NO.: 3:19-CV-327-RLM-MGG |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Kiaundray Rogers, a prisoner without a lawyer, filed an unsigned[1] habeas corpus petition challenging his conviction for possession of cocaine or a narcotic drug under Cause No. 02D04-1809-F6-1090. Before considering the merits of Mr. Rogers's habeas corpus petition, this court must ensure that he has presented his claims "through one complete round of State-court review." Lewis v. Sternes, 390 F.3d 1019, 1025-1026 (7th Cir. 2004). "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.*

Mr. Rogers hasn't presented his claims to the Indiana Supreme Court. Therefore, he has not exhausted his State court remedies and this case must be dismissed without prejudice so that he can exhaust his claims in the Indiana courts. If, after Mr. Rogers has ultimately presented his claims to the Indiana

---

[1] Although the petition is not signed as required by Federal Rule of Civil Procedure 11(a), it would be pointless to have Mr. Rogers submit a signed version of the petition, because it must be dismissed for other reasons.

Supreme Court, he hasn't yet obtained relief, he may return to federal court and file a new habeas corpus petition.

When dismissing a habeas corpus petition because it is unexhausted, the court must "consider whether a stay is appropriate [because] the dismissal would effectively end any chance at federal habeas review." Dolis v. Chambers, 454 F.3d 721, 725 (7th Cir. 2006). Mr. Rogers's one-year limitations period for federal habeas review began to accrue when his conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). Mr. Rogers was sentenced on January 9, 2019, and he didn't appeal his conviction. When a State prisoner does not complete all levels of direct review, his conviction becomes final when the time for seeking such review expires. Gonzalez v. Thayer, 565 U.S. 134, 150 (2012). Appeals to the Court of Appeals of Indiana must be filed within thirty days of the trial court's judgment. This means that Mr. Rogers's conviction became final on February 8, 2019. Dismissing this petition won't effectively end his chance at habeas corpus review because Mr. Rogers has ample time to exhaust his claim in state court and then return to this court. In sum, a stay is not appropriate for this case.

Under Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484 (2000). As previously explained, the claims presented by Mr. Rogers are unexhausted. Because there is

no basis for finding that jurists of reason would debate the correctness of this procedural ruling or find a reason to encourage him to proceed further, a certificate of appealability must be denied.

For these reasons, the court:

(1) DISMISSES WITHOUT PREJUDICE the petition (ECF 1) pursuant to Section 2254 Habeas Corpus Rule 4 because the claims are unexhausted;

(2) DENIES a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on May 1, 2019

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT